Danielle P. Light, Esq.
**HASBANI & LIGHT, P.C.**
*Attorneys for Plaintiff*
450 Seventh Ave, Suite 1408
New York, NY 10123
Tel: (646) 490-6677
Email: dlight@hasbanilight.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

53RD STREET, LLC,                                    Index No.:

                                    Plaintiff,

                                                         **COMPLAINT**

        -against-

U.S. BANK NATIONAL ASSOCIATION,

                                    Defendant.
--------------------------------------------------------------------X

        53RD STREET, LLC ("Plaintiff"), by and through its attorneys Hasbani & Light, P.C.,

complains of U.S. BANK NATIONAL ASSOCIATION, ("Defendant"), upon information and

belief, as follows:

## <u>NATURE OF THE ACTION</u>

        1.      This is an action pursuant to New York Real Property Actions and Proceedings

Law ("RPAPL") Section 1501(4) to discharge Defendant's Mortgage dated January 5, 2006 and

recorded in the Office of the County Clerk, County of Kings, on January 31, 2006 in City Register

File No. 2006000058206 (the "Disputed Mortgage") securing the repayment of a note dated

January 5, 2006 for the principal sum of $428,000.00 (the "Note") (the "Disputed Mortgage" and

the "Note" are collectively referred to as the "Loan") against real property known as 2052 E. 53rd

Place, Brooklyn, New York 11234 (the "Subject Premises").

2.    On June 30, 2008, Defendant commenced a foreclosure action in the Supreme Court for the State of New York, County of Kings to foreclose the Disputed Mortgage bearing index number 18956/2008 (the "2008 Foreclosure Action").

3.    In April 2013, the Supreme Court for the State of New York, County of Kings dismissed the 2008 Foreclosure Action commenced by the Defendant pursuant to 22 NYCRR § 202.27 for Defendant's failure to appear at a calendar call.

4.    The statute of limitations to foreclose has expired and a new foreclosure action is barred under CPLR § 213(4).

5.    Therefore, the Disputed Mortgage must be discharged of record pursuant to RPAPL § 1501(4).

## PARTIES

6.    Plaintiff is a limited liability company organized under the laws of the State of Delaware.  Plaintiff is the deed owner of the Property.

7.    Defendant is a national bank with its main office in Ohio.  Upon information and belief, Defendant is the holder and assignee of the Disputed Mortgage by virtue of an assignment of mortgage dated May 23, 2012.

## JURISDICTION AND VENUE

8.    This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

9.    Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this District.

**GENERAL ALLEGATIONS**

10.    On January 5, 2006, Maria Pinto-Bedoya ("Borrower") borrowed the sum of $428,000.00 by a note dated the same day. To secure said loan, Borrower executed the Disputed Mortgage in favor of Downey Savings and Loan Association F.A., to be recorded against the Subject Premises.  Attached hereto as **Exhibit A** is a true and correct copy of the Disputed Mortgage.

11.    The Disputed Mortgage was assigned to U.S. Bank National Association by Assignment of Mortgage dated May 23, 2012 and recorded in the Office of the City Register on December 12, 2014 under CRFN 2014000409604.  Attached hereto as **Exhibit B** is a true and correct copy of the Assignment of Mortgage.

12.    On June 30, 2008, Defendant commenced an action to foreclose the Disputed Mortgage in the Supreme Court for the State of New York, County of Kings. Attached hereto as **Exhibit C** is true and correct copy of the Summons and Complaint.

13.    In April 2013, the Court dismissed the 2008 Foreclosure Action. Attached as **Exhibit D** is a true and correct copy of the Order of Discontinuance.

14.    Although the 2008 Foreclosure Action was already dismissed, Defendant moved to discontinue the 2008 Foreclosure Action on May 11, 2017, almost nine years after the 2008 Foreclosure Action commenced.  **Exhibit D**.  Per the Order, Defendant did this for "proper record keeping." **Exhibit D**.

15.    Since the statute of limitations began to run at the latest on June 30, 2008, when the 2008 Foreclosure Action was filed, the statute of limitations to foreclose on the Disputed Mortgage expired on June 30, 2014.

16.    Defendant is now barred from commencing a new foreclosure action under CPLR

§ 213(4). Therefore, the Disputed Mortgage must be discharged of record pursuant to RPAPL § 1501(4).

## CAUSES OF ACTION

## DISCHARGE OF MORTGAGE

17.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

18.     Pursuant to RPAPL § 1501 (4):

Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action.   In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

19.     In New York, the statute of limitations to foreclose on a mortgage is six (6) years. CPLR § 213(4).

20.     The filing of summons and complaint has been deemed the point of acceleration for purposes of triggering the commencement of the statute of limitations.

21.     The 2008 Foreclosure Action was filed on June 30, 2008.  **Exhibit C**.

22.     The 2008 Foreclosure Action was dismissed for Defendant's non-appearance in April 2013. **Exhibit D**.

23.     Furthermore, an Order of Discontinuance was granted in July 21, 2017. **Exhibit D**.

24.     Since the 2008 Foreclosure Action was dismissed and since the statute of limitations expired at the latest by June 30, 2014, a new action to foreclose on the Disputed Mortgage is barred pursuant to CPLR § 213(4).

25.     That any estate or interest that Defendant ever had or claims to have had in the Subject Premises or in any part thereof and any and all Mortgage and Notes or Assignments thereof to Defendant are now null and void and of no force and effect as against the estate and interest of Plaintiff in the Subject Premises.

26.     That Defendant is not an infant or under any other disability.

27.     That the Judgment in this action will not affect the person not being or ascertained at the commencement of this action who by any contingency contained in a devise or grant, or otherwise could afterward become entitled to a beneficial estate or interest in the Subject Premises.

**WHEREFORE**, 53RD STREET, LLC respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against U.S. Bank as Trustee as follows:

1.  Defendant and every person or entity claiming under it be forever barred from all claims to an estate or interest in the Subject Premises;

2.  The Office of the City Register be directed to cancel and discharge of record the Disputed Mortgage dated January 5, 2006 and recorded in the Office of the County Clerk, County of Kings, on January 31, 2006 in City Register File No. 2006000058206 against real property known as 2052 E. 53rd Place, Brooklyn, New York 11234.

3.  That Plaintiff be awarded Attorneys' Fees, Costs and Disbursements for this Action; and

4.  Such other relief as the Court deems just, equitable and proper.


Dated:  New York, New York          **HASBANI & LIGHT, P.C.**
        July 24, 2018

        _____
        Danielle P. Light, Esq.
        *Counsel for Plaintiff*
        450 Seventh Avenue, Suite 1408
        New York, New York 10123
        Tel: (646) 490-6677
        dlight@hasbanilight.com