Danielle P. Light, Esq.
**HASBANI & LIGHT, P.C.**
*Attorneys for Plaintiff*
450 Seventh Ave, Suite 1408
New York, NY 10123
Tel: (646) 490-6677
Email: dlight@hasbanilight.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
53RD STREET, LLC,

                                                           Plaintiff,

     -against-

U.S. BANK NATIONAL ASSOCIATION,

                                                           Defendant.
------------------------------------------------------------------------X

Docket No.:
1:18-cv-04203-JBW-VMS

**PLAINTIFF'S E.D.N.Y. LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

     Pursuant to E.D.N.Y. Local Civil Rule 56.1, Plaintiff 53rd Street, LLC ("Plaintiff") submits the following statement of undisputed material facts upon which there is no genuine issue to be tried in connection with its motion for summary judgment against defendant U.S. Bank National Association (the "Defendant") under New York Real Property Actions and Proceedings Law ("RPAPL") §1501 et seq.:

     1.     Plaintiff is a single member limited liability company. *See* Affidavit of Yonel Devico (the "Devico Affidavit") at ¶ 1.

     2.     Plaintiff's single member is an individual who is a citizen of the Kingdom of Morocco and resides in the State of Florida. *See* Devico Affidavit at ¶ 7 and **Exhibit N**.

     3.     On January 5, 2006, Maria Pinto-Bedoya ("Borrower") borrowed the sum of

1

$428,000.00 by a note dated the same day. To secure said loan, Borrower executed the Disputed Mortgage in favor of Downey Savings and Loan Association F.A., to be recorded against the Subject Premises. Attached hereto as **Exhibit A** is a true and correct copy of the Disputed Mortgage.

4. The Disputed Mortgage was assigned to U.S. Bank National Association by Assignment of Mortgage dated May 23, 2012 and recorded in the Office of the City Register on December 12, 2014 under CRFN 2014000409604. Attached hereto as **Exhibit B** is a true and correct copy of the Assignment of Mortgage.

5. On June 30, 2008, Defendant commenced an action to foreclose the Disputed Mortgage in the Supreme Court for the State of New York, County of Kings. Attached hereto as **Exhibit C** is true and correct copy of the Summons and Complaint.

6. On December 6, 2012, Defendant wanted to "cancel foreclosure" a "foreclosure proceeding restart." Attached hereto as **Exhibit D** is a copy of Defendant's "Consolidated Notes Log," at Page 58.

7. In April 2013, the Court dismissed the 2008 Foreclosure Action based on Defendant U.S. Bank National Association's failure to appear in Court. Attached as **Exhibit E** is a true and correct copy of the Order of Discontinuance.

8. On June 24, 2014, Defendant's prior counsel, Rosicki, Rosicki & Associates allegedly mailed a letter to the Borrower stating that the "Loan was previously accelerated" and that it was being "de-accelerated" and being "re-instituted as an installment loan" (the "June 24, 2014 Letter"). Attached hereto as **Exhibit F** is a true and correct copy of the June 24, 2014 Letter. Attached hereto as **Exhibit G** is a copy of Defendant's Letter Log, which does not reflect the mailing of the June 24, 2014 Letter.

9. On July 15, 2014, Defendant mailed a pre-foreclosure notice letter to the Borrower in an attempt to comply with RPAPL § 1304 (the "July 15, 2014 Letter"). Attached hereto as **Exhibit H** is a true and correct copy of the July 15, 2014 Letter. On the same date and on August 5, 2014, Defendant mailed additional letters to the Borrower advising her of the breach under the Disputed Mortgage (the "2014 Breach Letters"). Attached hereto as **Exhibit I** are true and correct copies of the Breach Letters.

10. Although the 2008 Foreclosure Action was already dismissed, Defendant moved to discontinue the 2008 Foreclosure Action on May 11, 2017, almost nine years after the 2008 Foreclosure Action commenced. **Exhibit E**. Per the Order, Defendant did this for "proper record keeping." **Exhibit E**.

11. On July 24, 2018, Plaintiff commenced the instant action to cancel and discharge the Disputed Mortgage based on the premise that the statute of limitations to foreclose the Disputed Mortgage expired in June 30, 2014 (the "Complaint"). Attached hereto as **Exhibit J** is a true and correct copy of the Complaint.

12. On August 22, 2018, Defendant filed its answer (the "Answer"). Attached hereto as **Exhibit K** is a true and correct copy of the Answer.

13. On December 20, 2018, a deposition of Defendant's representative, Cammie Johnson, was conducted by Plaintiff. Attached hereto as **Exhibit L** is a true and correct copy of the deposition transcript.

14. In addition, documents were exchanged through discovery in the normal course between counsel for Plaintiff and counsel for Defendant.

15. On February 20, 2019, a scheduling order was entered at ECF Doc. No. 17 setting forth the following deadlines: fact discovery closes on 3/31/2019. Plaintiff to respond to discovery

by 2/22/2019. If there is a subject matter jurisdiction motion, the following briefing schedule applies: Defendant to file by 3/15/2019; Plaintiff to oppose by 4/5/2019; Defendant to reply by 4/19/2019. Otherwise, all dispositive motions are to be briefed on the same schedule: Initial motion: 5/3/2019; opposition: 5/24/2019; reply: 6/7/2019.

16. Pursuant to the above scheduling order, Plaintiff submits the instant application for summary judgment.

Dated: New York, New York
May 2, 2019

**HASBANI & LIGHT, P.C.**

*/s/ Danielle P. Light*
Danielle P. Light, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (646) 490-6677
dlight@hasbanilight.com