UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

53RD STREET, LLC,

                    Plaintiff,

    -against-

U.S. BANK NATIONAL ASSOCIATION,

                    Defendant.

--------------------------------------------------------------------X

Docket No.:
1:18-cv-04203-JBW-VMS


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


Danielle P. Light, Esq.
**HASBANI & LIGHT, P.C.**
*Attorneys for Plaintiff*
450 Seventh Ave, Suite 1408
New York, NY 10123
Tel: (646) 490-6677
Email: dlight@hasbanilight.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL AND PROCEDURAL HISTORY ................................................... 2

APPLICABLE LEGAL STANDARD ................................................................ 4

    *I.*    *The Application of New York State Law to Federal Cases* ............................ 4

    *II.*    *Legal Standard for Summary Judgment* ........................................... 4

    *III.*    *Legal Standard on Statute of Limitations and Acceleration of Mortgage Debt* .............. 5

    *IV.*    *Legal Standard on De-Acceleration of Mortgage Debt* ................................. 6

    *V.*    *Legal Standard for Stating a Cause of Action to Quiet Title Pursuant to*     *RPAPL § 1501(4)* ............... 7

ARGUMENT ..................................................................................... 7

    *I.*    *Plaintiff is Entitled to Judgment as a Matter of Law on its Article 15 Claim Because Defendant's Third, Fourth, Fifth, Ninth, Twelfth and Fourteenth Affirmative Defenses Fail to Raise Triable Issues of Fact* ................. 7

    *II.*    *Defendant's Second and Eleventh Affirmative Defenses Fail to Raise a Triable Issue of Fact Because Defendant Failed to Revoke its Acceleration Before June 30, 2014* ........ 9

        *A.*    *Defendant's June 24, 2014 Letter Did Not Effectively Revoke the June 30, 2008 Acceleration*     10

        *B.*    *The June 24, 2014 Letter was Bare, Conclusory and Failed to Revoke the Acceleration*     11

    *III.*    *Defendant Fails to Raise a Triable Issue of Fact in its First Affirmative Defense Because Plaintiff is a Citizen of a Foreign Country and Defendant is a Citizen of Ohio and the Amount in Controversy Exceeds $75,000* ................. 12

    *IV.*    *Defendant Fails to Raise Triable Issues of Fact Regarding its Sixth Affirmative Defense of Laches Because Plaintiff Became the Title Owner in July 2018 and filed this Action on July 2018* ................. 13

    *V.*    *Defendant's Seventh, Eighth, Thirteenth Affirmative Defenses, that the Complaint is Barred, in Whole or In Part, By the Principles of Waiver, Ratification, Res Judicata, Estoppel, Equitable Estoppel and Unclean Hands Fail to Raise Triable Issues of Fact Because These Defenses are Conclusory without Any Supporting Facts* ............... 14

    *VI.*    *Defendant Fails to Prove that the Statute of Limitations to Quiet Title to the Property Expired in its Tenth Affirmative Defense* ................. 17

    *VII.*    *Defendant Fails to Prove the Existence of Triable Issues of Fact in its Fifteenth Affirmative Defense Asserting that the Action is Prohibited Under Champerty Laws* .. 18

    *VIII.*    *Defendant's Sixteenth Affirmative Defense is a Place Holder that is Insufficient to Overcome Plaintiff's Application for Judgment as a Matter of Law* ............... 19

CONCLUSION.................................................................................................................... 19

## PRELIMINARY STATEMENT

This is an action brought by the title owner against the mortgagee of record pursuant to New York State's Real Property Actions and Proceedings Law ("RPAPL") section 1501(4) to quiet title to a property located in Brooklyn, New York.

The statute of limitations to foreclose on a mortgage in New York is six-years from acceleration. It is undisputed that the six-year statute of limitations to foreclose on Defendant's mortgage began to run and the mortgage was accelerated on June 30, 2008 at the very latest. As a result, the statute of limitations expired at the very latest on June 30, 2014, which is six-years from June 30, 2008. Defendant is now barred from filing a new foreclosure action. Since a new action to foreclose on the mortgage cannot be commenced outside of the statute of limitations, the instant action was commenced pursuant to RPAPL § 1501(4) which allows for cancelation and discharge of Defendant's mortgage. As such, Plaintiff is entitled to judgment as a matter of law.

In response to Plaintiff's complaint, Defendant asserts sixteen affirmative defenses that are conclusory and unsupported by fact or law. Defendant fails to prove that triable issues of fact exist and merely asserts boilerplate defenses, such as waiver, estoppel, ratification, champerty and unclean hands. In addition, Defendant asserts that the statute of limitations to foreclose on the mortgage did not expire because the June 30, 2008 was revoked. Defendant relies on a letter dated June 24, 2008 and allegedly mailed on June 30, 2014 (the same day the statute of limitations expired). However, as set forth below in greater detail, the June 30, 2008 acceleration was never revoked, and the letter dated June 24, 2008 was legally insufficient to revoke the acceleration. For these reasons, and for the reasons set forth below, Defendant's meritless and frivolous answer should be stricken and Plaintiff's motion for summary judgment must be granted in its entirety.

1

## FACTUAL AND PROCEDURAL HISTORY

On January 5, 2006, Maria Pinto-Bedoya ("Borrower") borrowed the sum of $428,000.00 by a note dated the same day. To secure said loan, Borrower executed the Disputed Mortgage in favor of Downey Savings and Loan Association F.A., to be recorded against the Subject Premises. Attached hereto is the Declaration of Danielle P. Light, Esq. (the "Light Decl."). *See* Light Decl., Paragraph 2 and **Exhibit A** which is a true and correct copy of the Disputed Mortgage.

The Disputed Mortgage was assigned to U.S. Bank National Association by Assignment of Mortgage dated May 23, 2012 and recorded in the Office of the City Register on December 12, 2014 under CRFN 2014000409604. *See* Light Decl., Paragraph 3 and **Exhibit B** which is a true and correct copy of the Assignment of Mortgage.

On June 30, 2008, Defendant commenced an action to foreclose the Disputed Mortgage in the Supreme Court for the State of New York, County of Kings. *See* Light Decl., Paragraph 4 and **Exhibit C** which is true and correct copy of the Summons and Complaint.

On December 6, 2012, stated that it wanted to "cancel [the June 30, 2008] foreclosure" action and to "restart" a new foreclosure action. *See* Light Decl., Paragraph 5 and **Exhibit D** which is a copy of Defendant's "Consolidated Notes Log," at Page 58.

In April 2013, the Court dismissed the 2008 Foreclosure Action based on Defendant U.S. Bank National Association's failure to appear in Court. *See* Light Decl., Paragraph 6 and **Exhibit E** which is a true and correct copy of the Order of Discontinuance.

On June 24, 2014, the law firm of Rosicki, Rosicki & Associates allegedly mailed a letter to the Borrower stating that the "Loan was previously accelerated" and that it was being "de-accelerated" and being "re-instituted as an installment loan" (the "June 24, 2014 Letter"). *See* Light Decl., Paragraph 7 and **Exhibit F** which is a true and correct copy of the June 24, 2014 Letter. *See*

Light Decl., Paragraph 7 and **Exhibit G** which is a copy of Defendant's Letter Log, which does not reflect the mailing of the June 24, 2014 Letter.

On July 15, 2014, Defendant mailed a pre-foreclosure notice letter to the Borrower in an attempt to comply with RPAPL § 1304 (the "July 15, 2014 Letter").  *See* Light Decl., Paragraph 8 and **Exhibit H** which is a true and correct copy of the July 15, 2014 Letter.  On the same date and on August 5, 2014, Defendant mailed additional letters to the Borrower advising her of the breach under the Disputed Mortgage (the "2014 Breach Letters").  *See* Light Decl., Paragraph 8 and **Exhibit H** which are true and correct copies of the Breach Letters.

Although the 2008 Foreclosure Action was already dismissed, Defendant moved to discontinue the 2008 Foreclosure Action on May 11, 2017, almost nine years after the 2008 Foreclosure Action commenced and almost four years after the statute of limitations expired. *See* Light Decl., **Exhibit E**.  Per the Order, Defendant did this for "proper record keeping." *See* Light Decl., **Exhibit E**.

On July 24, 2018, Plaintiff commenced the instant action to cancel and discharge the Disputed Mortgage based on the premise that the statute of limitations to foreclose the Disputed Mortgage expired in June 30, 2014 (the "Complaint"). *See* Light Decl., Paragraph 10 and **Exhibit J** which is a true and correct copy of the Complaint.

On August 22, 2018, Defendant filed its answer (the "Answer").  *See* Light Decl., Paragraph 11 and **Exhibit K** which is a true and correct copy of the Answer.

On December 20, 2018, a deposition of Defendant's representative, Cammie Johnson, was conducted by Plaintiff. *See* Light Decl., Paragraph 12 and **Exhibit L** which is a true and correct copy of the deposition transcript.

On February 20, 2019, a scheduling order was entered at ECF Doc. No. 17 setting forth the

deadline for all dispositive motions, which are to be briefed on the same schedule: Initial motion: 5/3/2019; opposition: 5/24/2019; reply: 6/7/2019.  This motion is being submitted to the Court in accordance with the February 20, 2019 scheduling order.

## APPLICABLE LEGAL STANDARD

### I.   *The Application of New York State Law to Federal Cases*

In the absence of a decision from the New York Court of Appeals, federal courts will "[p]rincipally ... consider the language of the state intermediate appellate courts to be helpful indicators of how the state's highest court would rule. Although [the Court is] not strictly bound by state intermediate appellate courts, rulings from such courts are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' " *U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18CV530PKCAKT, 2019 WL 486086, at *5 (E.D.N.Y. Feb. 6, 2019) (citing to *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223 237 (1940)).

### II.   *Legal Standard for Summary Judgment*

Fed R. Civ. P. Rule 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers or interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation marks omitted). If the movant does this successfully, then the burden shifts,

requiring the opposing party to "offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998).

To defeat a motion for summary judgment, the non-movant must come forward with specific evidence showing that a genuine issue of material fact exists. *See, West-Fair Elec. Contractors v. Aetna Cas. & Surety Co.,* 78 F.3d 61, 63 (2d Cir. 1996). A genuine issue of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Libe1ty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); *see also, Donne11y v. Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 141 (2d Cir. 2012).

In determining if a genuine dispute of material fact exists, "the court must resolve all ambiguities and draw all factual interferences in favor of the party against whom summary judgment is sought." *Buckley v. Deloitte & Touche USA, LLP,* 888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012) *affd,* 541 F. Appx 62 (2d Cir. 2013) (citation omitted). Moreover, mere conclusory allegations, speculation, or conjecture will not avail a party opposing summary judgment. *See, D'Amico,* 132 F.3d at 149. As a result, "[w]here no rational finder of fact court find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citation omitted). Courts have explicitly recognized that "[s]ummary judgment is often appropriate in mortgage foreclosure actions." *United States v. Paugh,* 332 F. Supp. 2d 679 (S.D.N.Y. 2004).

## III.   *Legal Standard on Statute of Limitations and Acceleration of Mortgage Debt*

In New York, the statute of limitations to commence a foreclosure action is six years from the date of acceleration of the note and mortgage.  CPLR § 213(4).  The statute of limitations begins to run from the date on which the mortgage debt is accelerated. *Loiacono v. Goldberg,* 240

A.D.2d 476, 477, 658 N.Y.S.2d 138, 139 (2d Dept. 1997). *See also Esther M. Mertz Trust v. Fox Meadow Partners, Ltd.*, 288 A.D.2d 338, 340, 734 N.Y.S.2d 77, 79 (2d Dept. 2001); *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982, 943 N.Y.S.2d 540, 542 (2d Dept. 2012).

In order to accelerate a mortgage debt, there must be some affirmative action taken by the holder of the note and mortgage evidencing the "clear and unequivocal" intention to accelerate the debt. *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982 (2d Dept. 2012). "[E]ither notice of a demand or commencement of a foreclosure action can constitute an affirmative act of acceleration…for the purposes of the six-year statute of limitations." *Assets Recovery 23, LLC v. Gasper*, No. 15CV5049RJDCLP, 2017 WL 3610568, at *8 (E.D.N.Y. July 25, 2017), *report and recommendation adopted*, No. 15CV5049RJDCLP, 2017 WL 3610517 (E.D.N.Y. Aug. 21, 2017). (Internal citations omitted.).

## IV.  *Legal Standard on De-Acceleration of Mortgage Debt*

"To stop the statute of limitations, a mortgagee who has elected to accelerate, may revoke its decision to accelerate a mortgage debt by an affirmative act or revocation taken within the six-year limitations period subsequent to the election to accelerate." *Zucker v. HSBC Bank, USA*, No. 17CV2192DRHSIL, 2018 WL 2048880, at *6 (E.D.N.Y. May 2, 2018), *adhered to*, No. 17CV2192DRHSIL, 2018 WL 4845739 (E.D.N.Y. Oct. 4, 2018) (citing to *Kashipour v. Wilmington Savings Fund Soc'y, FSB*, 41 N.Y.S.3d 738, 739, 144 A.D.3d 985 (2d Dept. 2016 (collecting cases)). (Internal quotation marks omitted.).  A de-acceleration notice must be "clear and unambiguous to be valid and enforceable." *Milone v. US Bank Nat'l Ass'n*, 164 A.D.3d 145, 153, 83 N.Y.S.3d 524, 530 (2d Dept. 2018).  However, a "bare and conclusory de-acceleration letter, without a demand for monthly payments toward the note, or copies of invoices, or other

evidence, may raise legitimate questions about whether or not the letter was sent as a mere pretext to avoid the statute of limitations." *Milone,* 164 A.D.3d at 154. (Internal quotation marks omitted.).

For this reason, "[c]ourts must, of course, be mindful of the circumstance where a bank may issue a de-acceleration letter as a pretext to avoid the onerous effect of an approaching statute of limitations and to defeat the property owner's right pursuant to RPAPL 1501 to cancel and discharge a mortgage and note." *Id.*

## V.    *Legal Standard for Stating a Cause of Action to Quiet Title Pursuant to RPAPL § 1501(4)*

"A successful Article 15 claim must set forth facts showing: (i) the nature of the plaintiff's interest in the real property and the source of this interest; (ii) that the defendant claims an interest in the property adverse to that of the plaintiff, and the particular nature of the interest; (iii) whether any defendant is known or unknown, or incompetent; and (iv) whether all interested parties are named." *Zucker v. HSBC Bank, USA*, *supra*. (Internal citations omitted).

## ARGUMENT

## I.    *Plaintiff is Entitled to Judgment as a Matter of Law on its Article 15 Claim Because Defendant's Third, Fourth, Fifth, Ninth, Twelfth and Fourteenth Affirmative Defenses Fail to Raise Triable Issues of Fact*

Plaintiff's motion for summary judgment should be granted because it is the (i) title owner of the property that obtained its interest through a foreclosure auction of the Subject Premises, (ii) the Defendant claims an interest in the Subject Premises that is adverse to that of Plaintiff because it is the mortgagee of recorded for the Disputed Mortgage, (iii) there are no unknown or incompetent defendants and (iv) Defendant is the owner and assignee of the Disputed Mortgage, making it the only interested party to be named with regard to the Disputed Mortgage.  As a result, Defendant's Third, Fourth, Fifth, Ninth, Twelfth and Fourteenth Affirmative Defenses that Plaintiff fails to state a cause of action and that Plaintiff is not a bona fide purchaser for value and

that Plaintiff lacks standing and/or capacity to quiet title must be stricken and summary judgment granted as to this Defense.

"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired." *Halfon v. U.S. Bank, Nat'l Ass'n*, 169 A.D.3d 653, 654, 93 N.Y.S.3d 675, 676 (2d Dept. 2019).  There is no requirement that Plaintiff be a bona fide purchaser for value in the statute.  *See generally*, *Id*.  *See also* RPAPL §1501(4).

Here, Plaintiff is the title owner of the Subject Premises pursuant to a Referee's Deed in Foreclosure. *See* Light Decl., **Exhibit M**.  Defendant is the assignee and owner of the Disputed Mortgage.  *See* Light Decl., **Exhibit A** and **B**.  As a title owner, pursuant to RPAPL § 1501(4), Plaintiff has standing to file the instant action.

It is undisputed that Defendant accelerated the Disputed Mortgage when it commenced its foreclosure action on June 30, 2008 (the "2008 Foreclosure Action").[1] *See* Light Decl., **Exhibit C**.  The 2008 Foreclosure Action was dismissed in April 2013 for non-appearance by Defendant (the Plaintiff in the 2008 Foreclosure Action).  *See* Light Decl., **Exhibit E**.  At the very latest, the statute of limitations on the Disputed Mortgage expired on June 30, 2014 (which is six-years after commencement of the 2008 Foreclosure Action). *See Assets Recovery 23, LLC v. Gasper*, *supra*; CPLR § 213(4).  Therefore, as a matter of law, Plaintiff is entitled to discharge of the Disputed Mortgage pursuant to RPAPL § 1501(4) because the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the Disputed Mortgage expired almost five-years ago.  *Halfon v. U.S. Bank, Nat'l Ass'n*, *supra*.

---

[1] It is likely that the Disputed Mortgage was accelerated before June 30, 2008 by Downey Savings and Loan (the Loan's originator) by letter, however, those documents were not provided by Defendant.

As a result of the foregoing, Plaintiff's motion for summary judgment must be granted and Defendant's Third, Fourth, Fifth and Ninth Affirmative Defenses must be stricken.

## II.     *Defendant's Second and Eleventh Affirmative Defenses Fail to Raise a Triable Issue of Fact Because Defendant Failed to Revoke its Acceleration Before June 30, 2014*

Summary judgment is warranted in this case because there are no triable issues of fact regarding whether the Disputed Mortgage's acceleration was revoked within the six-year statute. *See* Light Decl., **Exhibit J**, Second and Eleventh Affirmative Defenses.  Also, no documentary evidence submitted by Defendant serves as a defense to the instant action.  As a result, Plaintiff is entitled to judgment as a matter of law.

Revocation of a prior acceleration must occur within six-years of the mortgage-debt's acceleration.  *Zucker v. HSBC Bank, USA*, *supra*.  The revocation must be clear and unambiguous.  *Milone v. US Bank Nat'l Ass'n*, *supra*.  A letter may serve as a revocation of a prior acceleration when the letter is supported by a "demand for monthly payments toward the note, or copies of invoices, or other evidence" to establish that the revocation letter is not merely for the purpose of restarting the six-year statute of limitations. *Milone v. U.S. Bank Nat. Assoc.*, *supra*. (Internal quotation marks omitted.).  A revocation letter that is bare and conclusory is insufficient to revoke a prior acceleration. *Id*.

Here, as set forth above, the Disputed Mortgage was undisputedly accelerated on June 30, 2008 with the filing of the 2008 Foreclosure Action.  *See* Light Decl., **Exhibit C**.  The law requires that any revocation, or deacceleration, of the mortgage debt by Defendant occur before June 30, 2008.  *See Zucker v. HSBC Bank, USA*, *supra*.

Defendant produced a purported deacceleration letter dated June 24, 2014 on Defendant's letterhead to support the defense that the June 30, 2008 acceleration was revoked (the "June 24, 2014 Letter").  *See* Light Decl., **Exhibit F**. At Defendant's December 20, 2018 deposition,

Defendant stated that attorneys Rosicki, Rosicki & Associates, P.C. ("Rosicki") allegedly prepared and purportedly mailed the June 24, 2014 Letter on June 30, 2014. *See* Light Decl., **Exhibit L**, Page 41, Lines 15-19 and Page 42, Lines 2-8.  The June 24, 2014 Letter is bare, conclusory and not reflected anywhere in Defendant's business records.  As a result, Defendant cannot prove that the letter was generated with Defendant's authority on June 24, 2014 and mailed to the Borrower on June 30, 2014.

### A.   *Defendant's June 24, 2014 Letter Did Not Effectively Revoke the June 30, 2008 Acceleration*

The June 24, 2014 Letter was ineffective to revoke the June 30, 2008 acceleration for several reasons.  First, Defendant has no knowledge and no records were produced proving Rosicki had authority to prepare and purportedly mail the June 24, 2014 Letter on Defendant's letterhead. *See* Light Decl., **Exhibit L**, Pages 41-44.  Second, Defendant fails to prove Rosicki mailed the June 24, 2014 Letter on June 30, 2014.  *See* Light Decl., **Exhibit L**, Page 41, Lines 20-25 and Page 42, Lines 2-8.  Third, Defendant's comment log and letter log produced by Defendant to Plaintiff are devoid of any records related to the June 24, 2014 Letter contrary to Defendant's statements at her deposition asserting that Defendant's records reflect Rosicki's preparation and mailing of the June 24, 2014 Letter. *See* Light Decl., **Exhibit L**, Page 41, Lines 24-25 and Page 42, Lines 2-8. *See generally*, Light Decl, **Exhibits G** and **D**.

Since the June 24, 2014 Letter appears to have been generated without authority by Defendant, and since Defendant did not intend to revoke the acceleration because it wanted to restart foreclosure, the June 24, 2014 Letter was a legal nullity. Based on the foregoing, the statute of limitations to foreclose on Defendant's Disputed Mortgage still expired on June 30, 2008.

### B. The June 24, 2014 Letter was Bare, Conclusory and Failed to Revoke the Acceleration

Even if Defendant could overcome these evidentiary hurdles of Rosicki's authority to generate the June 24, 2014 Letter and mailing of that letter, which it cannot, Defendant still fails to prove that the June 24, 2014 Letter effectively revoked the acceleration because the language used was bare and conclusory, prepared and purportedly mailed for the sole purpose of avoiding the "onerous effect of an approaching statute of limitations and to defeat the property owner's right pursuant to RPAPL 1501 to cancel and discharge a mortgage and note." *Milone v. U.S. Bank Nat'l Ass'n*, *supra*.   *See* Light Decl., **Exhibit F**.

In *Milone v. U.S. Bank Nat'l Ass'n*, *supra*, the Appellate Division for the Second Department held that a "bare and conclusory de-acceleration letter, without a demand for monthly payments toward the note, or copies of invoices, or other evidence, may raise legitimate questions about whether or not the letter was sent as a mere pretext to avoid the statute of limitations." *Id*. at 154. (Internal quotation marks omitted).

Here, the June 24, 2014 Letter failed to serve as a deacceleration letter because Defendant did not include a demand for monthly paymentsr. *See generally*, Light Decl., **Exhibit D** and **G**. Defendant's records also do not reflect that monthly statements were mailed to the Borrower. *See generally*, Light Decl., **Exhibit D** and **G**.

On the other hand, a comment in Defendant's comment log proves that Defendant wanted to "cancel foreclosure" and a "foreclosure proceeding restart."  *See* Light Decl., **Exhibit D** at Page 58.  Defendant's intentions to restart foreclosure are further magnified when on July 15, 2014, which is only fifteen days from the purported June 30, 2014 mailing of the June 24, 2014 Letter, a new letter demanding payment was sent to the Borrower, indicating an intent to refile a new foreclosure action. *See* Light Decl., **Exhibit I**. *See* Light Decl., **Exhibit D** at

Page 37. The same letter was sent again to the Borrower on August 5, 2014. [2]   Light Decl.,

**Exhibit I**.  *See* Light Decl., **Exhibit D** at Page 36.

Based on the foregoing, the June 24, 2014 Letter served the sole purpose of avoiding the

statute of limitations that expired on June 30, 2014, the same date the June 24, 2014 Letter was

allegedly mailed. *Milone,* 164 A.D.3d at 154.  *See* Light Decl., **Exhibit D** at Page 58 and **Exhibit**

**I**.  Since the intentions of Defendant were not to actually allow for Defendant to resume making

payments, and since Defendant sent the June 24, 2014 Letter to extend the six-year statute of

limitations for another six-years, the attempt at revocation failed.

For these reasons set forth above, the June 24, 2014 Letter is a legal nullity and the June

30, 2008 acceleration was not revoked.  As a result, Defendant's Second and Eleventh Affirmative

Defenses must be stricken and Plaintiff should be awarded judgment as a matter of law.

**III.**       ***Defendant Fails to Raise a Triable Issue of Fact in its First Affirmative Defense
            Because Plaintiff is a Citizen of a Foreign Country and Defendant is a Citizen of
            Ohio and the Amount in Controversy Exceeds $75,000***

The Court issued an Order on February 20, 2019 requiring a subject matter jurisdiction

motion to be filed by Defendant by March 15, 2019, and a motion was filed.  As a result,

Defendant's First Affirmative Defense that the Court lacks subject matter jurisdiction was waived

on February 20, 2019.  Even if the defense was not waived, this court has jurisdiction pursuant to

28 U.S.C. § 1332 because Plaintiff's sole member is a citizen of the Kingdom of Morocco.

A limited liability company has the citizenship of its members. *Handelsman v. Bedford*

*Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing to *Cosgrove v. Bartolotta,* 150

---

[2] The Court should note that Defendant's comment log reflects mailing of the July 15, 2014 and the August 5, 2014
Letters, unlike the June 24, 2014 Letter which is not mentioned anywhere in the comment log or letter log. *See
generally*, Light Decl., Exhibit D and G.

F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership)).

Here, Plaintiff a citizen of the Kingdom of Morocco. *See* Light Decl., **Exhibit N**. *See* Affidavit of Yonel Devico, Paragraph 7. On the other hand, Defendant admits that its main offices are located in Ohio. *See* Light Decl., **Exhibit J**, Paragraph 7. Furthermore, the amount in controversy exceeds $75,000 because the Subject Premises has a value of more than $75,000 (it is a two-family house located in Mill Basin, Brooklyn, New York) and the total amount due on Defendant's Loan both in the original principal balance and in the total amount currently due exceeds $75,000. *See* Light Decl., **Exhibits A** and **C**.

As a result, this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and Defendant's First Affirmative Defense must be stricken. Plaintiff is entitled to summary judgment.

### IV. *Defendant Fails to Raise Triable Issues of Fact Regarding its Sixth Affirmative Defense of Laches Because Plaintiff Became the Title Owner in July 2018 and filed this Action on July 2018*

Defendant fails to raise a triable issue of fact with regard to its defense that the action is barred by laches. Plaintiff became the owner of the Subject Premises and filed this action in the same month. Therefore, this action is not barred by laches.

"Laches .... is an equitable defense that bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 193 (2d Cir. 2018) (citing to *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998)). (Internal quotation marks omitted.).

Here, Plaintiff became the owner of the Subject Premises in July 2018. *See* Light Decl., **Exhibit M**. Plaintiff filed this action in the same month. *See* Light Decl., **Exhibit J**. Even if

Plaintiff did unreasonably and inexcusably delayed in filing this action, which it did not, Defendant

fails to prove that Defendant was prejudiced by the purported delay. *See generally*, Light Decl.,

**Exhibit J**.

For these reasons, Defendant's Sixth Affirmative Defense should be stricken and summary

judgment should be awarded to Plaintiff.

> ### V. *Defendant's Seventh, Eighth, Thirteenth Affirmative Defenses, that the Complaint is Barred, in Whole or In Part, By the Principles of Waiver, Ratification, Res Judicata, Estoppel, Equitable Estoppel and Unclean Hands Fail to Raise Triable Issues of Fact Because These Defenses are Conclusory without Any Supporting Facts*

Defendant's Seventh, Eighth and Thirteenth Affirmative Defenses are frivolous and must

be stricken because there are no facts or law to support the claim that the Complaint is barred by

waiver, ratification, res judicata, estoppel, equitable estoppel and unclean hands.  Consequently,

Plaintiff is entitled to summary judgment.

Allegations that are unsupported by law or fact do not create a material issue of fact.

*Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

Waiver "[A] claim of waiver requires proof of an intentional relinquishment of a known

right with both knowledge of its existence and an intention to relinquish it." *J & J Sports Prods.,*

*Inc. v. Patin*, 358 F. Supp. 3d 318, 323 (S.D.N.Y. 2019) (citing to *Capitol Records, Inc. v. Naxos*

*of Am., Inc.*, 372 F.3d 471, 482 (2d Cir. 2004)). (Internal citations and quotation marks omitted.).

"Waiver cannot be created by negligence, oversight, or thoughtlessness; instead, it must be proved

that a party intentionally or voluntarily waived a contractual right or advantage." *Id*. (Internal

citations and quotation marks omitted.).  It "may not be inferred from mere silence or inaction." *Id*.

(Internal citations and quotation marks omitted.).

Ratification, under the law of New York, is "the affirmance by a party of a prior act that

did not bind it at the time but that was done or purportedly done on its account." *In re Nigeria*

*Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 466 (E.D.N.Y. 2007). (Internal citations and quotation marks omitted.).   "[R]atification is "very closely associated with estoppel," though unlike estoppel, ratification does not require "a change of conduct by, or prejudice to, the innocent third party." *Id.*

"The doctrine of *res judicata,* or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). (Internal citations and quotation marks omitted.).   "To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285 (2d Cir. 2000).

Estoppel is an equitable doctrine which "prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." *Clark v. AII Acquisition, LLC*, 886 F.3d 261, 264 (2d Cir. 2018). (Internal citations omitted.). "Under New York law, equitable estoppel requires a showing of (1) An act constituting a concealment of facts or a false misrepresentation; (2) An intention or expectation that such acts will be relied upon; (3) Actual or constructive knowledge of the true facts by the wrongdoers; (4) Reliance upon the misrepresentations which causes the innocent party to change its position to its substantial detriment." *Gen. Elec. Capital Corp. v. Armadora, S.A.*, 37 F.3d 41, 45 (2d Cir. 1994). (Internal citations and quotation marks omitted.).

The doctrine of unclean hands requires "clean hands where the party asking for the invocation of an equitable doctrine has committed some unconscionable act that is directly related

15

to the subject matter in litigation and has injured the party attempting to invoke the doctrine." *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08CV0442(DLC), 2016 WL 815205, at *12 (S.D.N.Y. Feb. 29, 2016). (Internal citation omitted.). It is based "on the principle that since equity tries to enforce good faith in defendants, it no less stringently demands the same good faith from the plaintiff." *Id*. "Misconduct that is unrelated to the claim to which it is asserted as a defense, however, does not constitute unclean hands." *Id*. (Internal citation and quotation marks omitted.).

Here, Plaintiff is entitled to summary judgment because its affirmative defenses are unsupported by fact or law and do not create a triable issue of fact. Specifically, Defendant's defense of waiver fails as a matter of law because Defendant never establishes that Plaintiff intentionally relinquished "a known right with both knowledge of its existence and an intention to relinquish it." *J & J Sports Prods., Inc. v. Patin*, *supra*.

Similarly, Plaintiff is entitled to summary judgment on the affirmative defense of ratification. Like the frivolous defense of waiver, Defendant fails to prove that there was an affirmance by a party (albeit that party would have to be a non-party to this action) "of a prior act that did not bind it at the time but that was done or purportedly done on its account." There are no facts asserted by Defendant as to what that "prior act" was and who committed the "prior act." As a result, summary judgment is warranted on the defense of ratification.

Moreover, Plaintiff is entitled to summary judgment on the affirmative defense of *res judicata*. Defendant fails to prove that there were any prior decisions made in this case or in any other case that were adjudicated on the merits involving Plaintiff, Defendant or any other party in privity with Plaintiff and/or Defendant. *See Monahan v. New York City Dep't of Corr.*, *supra*.

Additionally, Plaintiff is entitled to judgment as a matter of law because Defendant fails to raise any triable issues of fact with regard to the defense of estoppel and equitable estoppel. Defendant fails to prove the existence of a factual position used by Plaintiff that was asserted in one legal proceeding that is different than the factual position being used in this case. *See Clark v. AII Acquisition, LLC*, 886 F.3d 261, 264 (2d Cir. 2018). (Internal citations omitted).   Defendant also fails to prove the existence of any acts constituting a concealment or false misrepresentation, where Plaintiff had the intention that the act be relied upon with actual or constructive knowledge by Plaintiff that caused the Defendant injury. *Gen. Elec. Capital Corp. v. Armadora*, *S.A.*, *supra*.

Defendant also fails to prove that triable issues of fact exist regarding its Eighth Affirmative Defense of unclean hands.   There is no evidence submitted to show Plaintiff committed an "unconscionable act that is directly related" to the instant action that injured Defendant. *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, *supra*.

For these reasons, Defendant's Seventh, Eighth and Thirteenth Affirmative Defenses must be stricken and Plaintiff must be awarded judgment as a matter of law. These defenses are frivolous and unsupported by fact or law in this case.

## VI.   *Defendant Fails to Prove that the Statute of Limitations to Quiet Title to the Property Expired in its Tenth Affirmative Defense*

Defendant's Tenth Affirmative Defense conclusively asserts that Plaintiff's cause of action to quiet title is barred by the statute of limitations. However, there is no applicable statute of limitations to quiet title. As a result, Plaintiff is entitled to summary judgment on Defendant's Tenth Affirmative Defense.

The statute of limitations to quiet title to a property under RPAPL § 1501(4) is at least six-years from the expiration of the statute of limitations. *See generally*, CPLR § 213 (1).   Although there is no law on the subject, logic would dictate that the cause of action under Article 15 would

17

accrue when the statute of limitations expired because that is the earliest date on which a quiet title action based on RPAPL § 1501(4) accrues.  *See generally*, RPAPL § 1501(4).

In this case, if the statute of limitations to quiet title began to run when the statute of limitations to foreclose on the Disputed Mortgage expired (although there is no law on the issue), then Defendant is conceding that the statute of limitations expired.  As a result, by Defendant's admission, Plaintiff states a cause of action and is entitled to discharge and cancelation of the Disputed Mortgage. Furthermore, if the law dictates that the statute of limitations on this quiet tile action begins to run on the expiration of the foreclosure's statute of limitations, then the cause of action here accrued on June 30, 2014, which is less than six years before the filing of this action from July 2018.

Therefore, even if there is a six-year statute of limitations, this action is timely, and Defendant fails to raise a triable issue of fact with regard to Plaintiff's statute of limitations to file the instant action.  Consequently, summary judgment is warranted in this case.

### VII.    *Defendant Fails to Prove the Existence of Triable Issues of Fact in its Fifteenth Affirmative Defense Asserting that the Action is Prohibited Under Champerty Laws*

Defendant's Fifteenth Affirmative Defense asserts that Plaintiff's claims are barred under the New York anti-champerty laws.  However, Defendant fails to prove champertous acts occurred prior to commencement of this action and, accordingly, summary judgment must be granted.

"No person or co-partnership, engaged directly or indirectly in the business of collection and adjustment of claims, and no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon."  N.Y. Judiciary Law § 489(1).

Here, Plaintiff's interest in the Subject Premises stems from a Referee's Deed in Foreclosure, rather than a bond, promissory note, bill of exchange, book debt or "other thing in action." *See* Light Decl, **Exhibit M**. *See* Affidavit of Yonel Devico, Paragraph 4. Defendant fails to prove that Plaintiff obtained an interest in the Property for the sole purpose of bringing the instant action. *See generally*, Light Decl., **Exhibit K**.

For the foregoing reasons, this Court should grant summary judgment in favor of Plaintiff and strike Defendant's Answer in its entirety.

### VIII. Defendant's Sixteenth Affirmative Defense is a Place Holder that is Insufficient to Overcome Plaintiff's Application for Judgment as a Matter of Law

Defendant's Sixteenth Affirmative Defense incorrectly alleges that they can reserve the right to assert additional affirmative defenses at a later time. This affirmative defense must be stricken and dismissed because Defendant's time to amend its pleading passed. Additionally, Defendant failed to file a motion to assert any more defenses up to this point.

A party may amend its pleading once as a matter of course within 21 days after service. *See* Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *Id*.

In this case, Defendant filed their answer on August 22, 2018, (Light Decl., **Exhibit J**), and to date have not filed a motion to amend its answer. More than eight months passed and Defendant's time to amend its answer as a matter of course expired. Therefore, the affirmative defense must be stricken and dismissed. Accordingly, Plaintiff is entitled to summary judgment as a matter of law.

### CONCLUSION

Plaintiff established its *prima facie* case for Summary Judgment by properly establishing that Defendant's time to foreclose on the Disputed Mortgage expired on June

30, 2014.  In opposition, the Defendant asserted sixteen baseless Affirmative Defenses that are nothing more than unsubstantiated conclusory assertions, none of which raise any defense to the instant quiet title action nor present any triable issues of fact. Therefore, Plaintiff's Motion for Summary Judgment should be granted in its entirety.

Dated: May 2, 2019                                           **HASBANI & LIGHT, P.C**
          New York, New York

                                                             */s/ Danielle P. Light, Esq.*
                                                             Danielle P. Light, Esq.