UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

**53ᴿᴰ STREET, LLC**,                                        :

                            Plaintiff,          :

        – against –                                        :      **MEMORANDUM
                                                                           DECISION AND ORDER**
**U.S. BANK NATIONAL ASSOCIATION**,            :      1:18-CV-4203 (AMD) (VMS)

                       Defendant.       :

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On July 24, 2018, 53rd Street, LLC, brought this action against U.S. Bank National

Association, seeking cancellation and discharge of its mortgage obligation.  The parties cross-

moved for summary judgment on May 3, 2019.  (ECF Nos. 18, 19.)  The case was reassigned to

me on February 12, 2020.  At my request, the parties submitted additional briefing on the issue

of standing.  (ECF Nos. 45, 46.)  For the following reasons, the plaintiff's motion is granted.

## BACKGROUND[1]

On January 5, 2006, Maria Pinto-Bedoya executed a note and mortgage for $428,000 in

favor of Downey Savings and Loan Association, F.A., for the property located at 2052 East 53rd

Place, Brooklyn, New York 11234.  (ECF No. 1-1.)  Ms. Pinto-Bedoya failed to make payments,

and on June 26, 2008, Downey brought an action in New York Supreme Court, Kings County,

---

[1] Neither party submitted a counterstatement responding to the other's Rule 56.1 statement, despite Local
Civil Rule 56.1's requirement that "[t]he papers opposing a motion for summary judgment shall include a
correspondingly numbered paragraph responding to each numbered paragraph in the statement of the
moving party, and if necessary, additional paragraphs containing a separate, short and concise statement
of additional material facts as to which it is contended that there exists a genuine issue to be tried."  Local
Civ. R. 56.1(b).  "Where the party opposing a motion for summary judgment fails to submit a proper
counterstatement of material facts, the court may choose to accept all factual allegations of the opposing
part[y] as true for purposes of deciding the motion."  *Mt. Hawley Ins. Co. v. Abraham Little Neck Dev.
Grp., Inc.*, No. 09-CV-3463, 2015 WL 867010, at *5 (E.D.N.Y. Feb. 27, 2017) (internal quotations and
citations omitted).  Alternatively, the Court may "conduct an assiduous review of the record."  *Id*.  The
factual recitation is based on my review of the entire record.

seeking to foreclose on the property.  (ECF No. 1-3 ¶ 8.)

While the action was pending, Downey assigned the note and mortgage to the defendant.[2] (ECF Nos. 1-2; 19-4 ¶ 10.)  Thereafter, in April of 2013, the state court dismissed the foreclosure action for non-appearance.[3]  (ECF Nos. 19-4 ¶ 11; 29-5 at 2.)

In the summer of 2014, the defendant sent Ms. Pinto-Bedoya a series of letters about the mortgage.  In letters dated June 24, 2014 and June 30, 2014, the defendant wrote that the loan, "previously accelerated by [the] filing of a [foreclosure] lawsuit," was "de-accelerated" and "re-instituted as an installment loan."  (ECF Nos. 18-10; 19-4 at 61, 62.)  The parties dispute whether the June 24, 2014 letter was ever sent.  The plaintiff argues that that the defendant's letter log does not reflect the mailing.  (ECF Nos. 18-11; 18-3 at 15.)  The defendant contends that it directed a law firm to mail the notice and, citing a declaration by a lawyer responsible for the firm's mailing records and a copy of the law firm's electronic mailing tracker, maintains that it was sent.  (ECF No. 19-6 ¶ 13, *see also* ECF No. 19-6 at 6, 26.)

A few weeks later, on July 15, 2014, the defendant sent Ms. Pinto-Bedoya a 90-day pre-foreclosure notice, stating that the "home [was] 2,387 days in default[,]" and that she could "cure this default by making the payment of $261,306.46 dollars" by the next month.  (ECF Nos. 18-1 ¶ 9; 29-8 at 1.)  The defendant wrote that failure to resolve the matter within 90 days could result in legal action.  (*Id*.)  In another letter sent the same day, the defendant told Ms. Pinto-Bedoya that she was in "breach of [her] mortgage," and that failure to make the account current

---

[2] There is an immaterial dispute about when the defendant was assigned the note and mortgage.  The defendant's Rule 56.1 statement alleges that it "was assigned the [n]ote and [m]ortgage . . . in 2009" (ECF No. 19-3 ¶ 4), but the assignment of mortgage paperwork is dated May 23, 2012 (ECF No. 1-2 at 1).

[3] The dismissal was not recorded until July of 2017, but the court noted in the order that the case was dismissed orally in April of 2013.  (ECF No. 1-4 at 2.)

would result in acceleration of the loan's full balance.[4]  (ECF Nos. 18-13 at 1.)

The next day, July 16, 2014, the defendant sent Ms. Pinto-Bedoya the first of a series of monthly mortgage statements.[5]  (ECF No. 19-5 at 4-36.)  In each statement, the defendant requested a monthly payment of around $2,900, explained that Ms. Pinto-Bedoya was delinquent on her loan, and directed her to pay the amount outstanding—for example, $264,180.85 as of July 16, 2014—to make the loan current.  (ECF No. 19-5 at 36.)

In December of 2016, a different mortgagee brought a foreclosure action against Ms. Pinto-Bedoya and any John Doe "parties having or claimed to have a right, title, or interest in the [m]ortgaged premises[.]"[6]  *Courchevel 1850 LLC v. Pinto-Bedoya, et al.*, No. 16-CV-06716 (filed Dec. 5, 2016).  The court ordered the foreclosure and sale of the property, and the plaintiff was the successful bidder at the foreclosure auction held in January of 2018.  (ECF No. 18-4 ¶ 4.)  A few days after finalizing the purchase, the plaintiff brought this action "to cancel and discharge the disputed mortgage based on the premise that the statute of limitations to foreclose the [d]isputed [m]ortgage expired [o]n June 30, 2014."  (ECF No. 18-1 ¶ 11.)

### STANDARD OF REVIEW

Summary judgment is appropriate only if the parties' submissions, including deposition transcripts, affidavits, or other documentation, show that there is "no genuine dispute as to any

---

[4] The defendant sent Ms. Pinto-Bedoya a second breach letter on August 5, 2014.  (*Id.* at 2.)

[5] The record reflects monthly mortgage statements from July 16, 2014 through May 18, 2015.  (ECF No. 19-5 at 4-36.)  As an aside, the plaintiff moves for discovery sanctions against the defendant because additional discovery was provided after discovery closed.  (ECF No. 27 at 14.)  The plaintiff also argues that the Court should not consider various affidavits that the defendants submitted in support of their motion because they are hearsay and unsupported by business records.  (ECF No. 32 at 12.)  I reject the plaintiff's arguments.  Sanctions are inappropriate in this case, and I consider the affidavits.

[6] The defendant was not identified as a party who had an interest in the property and accordingly never appeared in the action.  The Court dismissed the John Doe defendants on May 11, 2017, because they were neither identified nor served.  (ECF No. 15 at 2.)

material fact," and the movant is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

*see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The movant has the

burden of showing the absence of any genuine dispute as to a material fact.  *McLee v. Chrysler

Corp.*, 109 F.3d 130, 134 (2d Cir. 1997) (citation omitted).

  A fact is "material" when it "might affect the outcome of the suit under the governing

law," and an issue of fact is "genuine" if "the evidence is such that a reasonable jury could return

a verdict for the nonmoving party."  *Barlow v. Male Geneva Police Officer Who Arrested Me on

Jan. 2005*, 434 F. App'x 22, 25 (2d Cir. 2011) (internal citations omitted).  Once the moving

party has met its burden, the party opposing summary judgment must identify specific facts and

affirmative evidence that contradict those offered by the moving party to demonstrate that there

is a genuine issue for trial.  *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y.

2015) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)).

## DISCUSSION

  Article 15 of the New York Real Property Actions and Proceedings Law ("RPAPL") has

largely replaced the equitable action to quiet title in New York.  *See W. 14th St. Commercial

Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir. 1987) ("New York has codified the

common law action to quiet title . . . .").  The statute provides in relevant part:

> Where the period allowed by the applicable state of limitation for the
> commencement of an action to foreclose a mortgage or to enforce a vendor's
> lien, has expired, any person having an estate or interest in the real property
> subject to such encumbrance may maintain an action . . . to secure the
> cancellation and discharge of record of such encumbrance.

N.Y. Real Prop. Actions L. § 1501(4).  Accordingly, to discharge a mortgage pursuant to RPAPL

§ 1501(4), a plaintiff must show: (1) that it has an estate or interest in the real property; (2) that

all necessary parties to the action were joined; and (3) that the applicable statute of limitations

for commencing a foreclosure action has expired without the commencement of a foreclosure action. *Gustavia Home LLC v. Envtl. Control Bd.*, No. 18-CV-6485, 2019 WL 4359549, at *5 (E.D.N.Y. Aug. 21, 2019) (citation omitted).

The parties do not dispute that the plaintiff has an interest in the property or that all the necessary parties were joined. Instead, they disagree about whether the statute of limitations for the defendant to bring a foreclosure action has expired. The plaintiff contends that the statute of limitations expired on June 30, 2014—six years after Downey accelerated the mortgage when it initially brought a foreclosure action—and that the defendant never suspended the statute of limitations by decelerating the debt. (ECF No. 18-3 at 12-14.)

The defendant responds that it sent a letter on June 24, 2014 that decelerated the debt. (ECF No. 26 at 10.) The defendant also argues that the plaintiff—Ms. Pinto-Bedoya's successor-in-interest—lacks standing to invoke the statute of limitations because it is not the obligor on the note or signatory on the mortgage. (ECF No. 26 at 10, 12.)

## I.     Standing

The plaintiff maintains that it has standing to bring this case because "a person with an estate or interest in real property subject to an encumbrance may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired." *J & JT Holding Corp. v. Deutsche Bank Nat'l Tr. Co.*, 173 A.D.3d 704, 706 (2d Dep't 2019) (citation and alteration omitted). The defendant does not challenge the plaintiff's ability to bring an Article 15 action generally, but says that the plaintiff cannot challenge the sufficiency of the deceleration letter, because it is not the obligor on the note or signatory on the mortgage. (ECF No. 26 at 12.)

5

Claims that require the parties' personal involvement in a transaction are personal to the original mortgagor. *See, e.g.*, *Cnty. of Tioga v. Solid Waste Indus.*, 577 N.Y.S.2d 922, 924 (3d Dep't 1991) (lack of consideration and unconscionability defenses are personal to the parties of a contract). Usually, however, "contracts are freely assignable," and "the assignee steps into the assignor's shoes and acquires whatever rights the latter had." *East West Bank v. 32 Tower, LLC*, No. 30798/10, 2011 WL 5515436, at *3 (Sup. Ct. Kings Cnty. Nov. 9, 2011). The plaintiff was the successful bidder at the January 2018 foreclosure auction (ECF No. 18-4 ¶ 4), at which the property was sold "as is" and subject to "[a]ny prior liens, encumbrances, and/or prior mortgages." *Courchevel*, No. 16-CV-06716, ECF No. 26 at 6-7 (July 20, 2018). The defendant has not identified any case in which a plaintiff bringing an Article 15 action was precluded from challenging the deceleration of a loan or raising statute of limitations. Nor has the defendant explained why the plaintiff would have to have knowledge about the transaction between his predecessor-in-interest and the defendant to bring such challenges. *See, e.g.*, *1081 Stanley Ave., LLC v. Bank of N.Y. Mellon Trust Co., N.A.*, 179 A.D.3d 984, 986-87 (2d Dep't 2020) (granting property's subsequent purchaser summary judgment based on defendant bank's failure to foreclose within the statute of limitations).

The question in *Wilmington Savings Fund Society v. Ardith DeCanio, et al.*, No. 600554/15, 2017 WL 1713111, at *2 (Sup. Ct. Suffolk Cnty. May 3, 2017), upon which the defendant relies, was whether the property purchaser had standing to challenge the sufficiency of a 90-day pre-foreclosure action notice sent to his predecessor. *Id.* at *2. The court found that the buyer did not have standing because the specific purpose of the statutorily required 90-day notice was "to help keep the obligor mortgagor in her dwelling;" the subsequent purchaser, who did not live on the property, had no such interest, and thus did not have standing to challenge the 90-day

notice.  *Id.*  There are no similar concerns when a subsequent buyer, like the plaintiff, raises the sufficiency of a mortgagor's deceleration of a debt and its delay in prosecuting a foreclosure claim.  Accordingly, the plaintiff has standing to bring this claim.

## II.    Statute of Limitations

In New York, the statute of limitations to commence a foreclosure action is six years from the date on which the lender accelerated the debt.  N.Y. C.P.L.R. § 213(4); *see also In re Strawbridge*, 11-CV-6759, 2012 WL 701031, at *9 (S.D.N.Y. Mar. 6, 2012) (citing *Loiacono v. Goldberg,* 240 A.D.2d 476, 477 (2d Dep't 1997)).  Commencement of a foreclosure action accelerates the entire debt.  *See Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 87 (E.D.N.Y. 2019) (citation omitted).  "To stop the statute of limitations, the mortgagee . . . may revoke its decision to accelerate [the] debt by an 'affirmative act or revocation' taken within the six-year limitations period . . . ."  *Zucker v. HSBC Bank, USA*, No. 17-CV-2192, 2018 WL 2048880, at *6 (E.D.N.Y. May 2, 2018) (citing *Kashipour v. Wilmington Sav. Fund Soc'y*, 41 N.Y.S.3d 738, 739 (2d Dep't 2016)).

The parties agree that Downey accelerated the mortgage when it brought a foreclosure action in 2008, thus triggering a statute of limitations that expired on June 30, 2014.  The parties dispute, however, whether the defendant affirmatively decelerated the loan before the statute of limitations expired.  The defendant maintains that its June 24, 2014 letter decelerated the debt. (ECF No. 26 at 10.)  The plaintiff claims that the June 24, 2014 letter was never sent and that even if it was, it did not decelerate the debt because the defendant sent it only to avoid the looming statute of limitations.  (ECF No. 18-3 at 13-14.)

## A.  Proof of Mailing

The plaintiff's first argument—that the defendant never sent the June 24, 2014 letter—is unpersuasive.  Proof of mailing may be established by "offering the testimony of the person who actually mailed the letter or . . . by offering proof that mail is sent pursuant to office procedures, followed in the regular course of business."  *Tufano v. Riegel Transp., Inc.*, No. 03-CV-0977, 2006 WL 335693, at *4 (E.D.N.Y. Feb. 11, 2006) (citation omitted).  "The addressee has the burden of proving evidence to establish non-receipt."  *Id.* (citation omitted).  The defendant submitted the declaration of Owen Robinson, a lawyer at Rosicki, Rosicki, & Associates P.C., the law firm that the defendant tasked with mailing the June 2014 deceleration letters.  (ECF No. 19-6 at 1.)  In the declaration, Mr. Robinson described the law firm's ordinary mailing practices and its use of CaseAware, a computer system to track mail.  (*Id.*)  He also attached a printout from CaseAware showing that the letter was mailed to Ms. Pinto-Bedoya on June 24, 2014.  (*Id.* at 2.)  The plaintiff has not argued non-receipt.  Accordingly, there is a presumption that the letter was sent on June 24, 2014.[7]

## B.  Deceleration

Whether the letter decelerated the loan, however, is a different question.  A deceleration "letter constitutes an affirmative act of revocation if sent before the expiration of the statutory period."  *In re Taylor,* 584 B.R. 590, 597 (Bankr. E.D.N.Y. 2018) (collecting cases).  The letter "must be clear and unambiguous to be valid and enforceable."  *Milone v. U.S. Bank N.A.*, 164 A.D.3d 145, 153 (2d Dep't 2018) (citations omitted).  A letter will decelerate a loan when it "contains an express demand for monthly payments" or "is accompanied by copies of monthly

---

[7] The plaintiff's argument that Rosicki was not authorized to generate and mail the June 24, 2014 letter (ECF No. 27 at 3) is unconvincing.  Not only does the defendant say it authorized the communication, but the CaseAware printout shows that a copy of the June 24, 2014 letter was sent to the defendant at its request on the same day of its mailing.  (ECF No. 19-6 at 9.)

invoices . . . or other forms of evidence demonstrating that the lender was . . . not attempting to achieve another purpose under the guise of de-acceleration." *Id*. at 154.  "A 'bare' and conclusory letter," on the other hand, "may raise legitimate questions about whether or not the letter was sent as a mere pretext to avoid the statute of limitations." *Id.*

While the defendant sent the June 24, 2014 letter and then a flurry of other notices, the timing of the mailings is suspect.  In the June 24th letter—sent a mere six days before the June 30, 2014 statute of limitations expiration date—the defendant stated that "the [l]oan is hereby de-accelerated" and "re-instituted as an installment loan" (ECF No. 19-4 at 61), but did "not demand the resumption of monthly payments or provide monthly invoices for payment due." *Wells Fargo Bank, N.A. v. Portu*, No. 528559, 2020 WL 20373, at *3 (3d Dep't Jan. 2, 2020).  In fact, by the time the defendant sent its first monthly mortgage statement on July 16, 2014, it had already sent a 90-day foreclosure notice (ECF No. 18-12 at 5-6) and a notice of breach threatening foreclosure if the account was not made current (ECF No. 18-13 at 1-2).  In sum, the defendant sent the deceleration letter only six days before the statute of limitations expiration date, and "promptly embarked on the notices required to initiate a second foreclosure action."[8] *See Wells Fargo Bank*, 2020 WL 20373, at *2 (purported deceleration letter followed three months later by a notice of default and 90-day foreclosure notice was not a valid deceleration).

Under these circumstances, the June 24, 2014 letter was not a valid deceleration, and a future foreclosure action would be time-barred.  Accordingly, the plaintiff is entitled to have the mortgage discharged.[9]

---

[8] Accordingly, the monthly mortgage statements that the defendant sent after beginning the process of a second foreclosure action (ECF No. 19-5 at 4-36) are insufficient to show that the purported deceleration letter was not merely sent to avoid the statute of limitations.

[9] I also reject the defendant's argument that a valid mortgage lien is not an adverse interest in a property. (ECF No. 26 at 15.)  "RPAPL [§] 1501(4) provides a means by which a party may clear a cloud on title

**CONCLUSION**

The plaintiff's motion for summary judgment is granted.  The defendant's motion for

summary judgment is denied.  The plaintiff is directed to submit a proposed form of judgment

and move for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d) by June

8, 2020.


**SO ORDERED.**

                                                             s/Ann M. Donnelly
                                              _____

                                              Ann M. Donnelly
                                              United States District Judge



Dated: Brooklyn, New York
       May 8, 2020

---

represented by a stale mortgage, where the applicable statute of limitations for the commencement of an
action to foreclose a mortgage has expired."  *Avail Holding LLC v. Ramos*, No. 19-CV-117, 2019 WL
6498170, at *5 (E.D.N.Y. Dec. 3, 2019) (citing *Caliguri v. Pentagon Fed. Credit Union*, 91 N.Y.S.3d
481, 483 (2d Dep't 2019)) (internal quotation marks and alterations omitted).  An additional adversity
finding is not required.  Additionally, the defendant raised multiple affirmative defenses in its answer that
it does not discuss in its cross-motion for summary judgment.  Accordingly, those claims are abandoned.
*See Camardva v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016).