UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**53RD STREET, LLC**,

        Plaintiff,

– against –

**U.S. BANK NATIONAL ASSOCIATION**,

        Defendant.

**ORDER**
1:18-CV-4203 (AMD) (VMS)

**ANN M. DONNELLY**, United States District Judge:

The plaintiff, 53rd Street, LLC, prevailed in this action against U.S. Bank National Association ("U.S. Bank"), seeking cancellation and discharge of its mortgage obligation pursuant to New York Real Property Actions and Proceedings ("RPAPL") § 1501(4). The events giving rise to this litigation are set forth in detail in *53rd St., LLC v. U.S. Bank N.A.,* 2020 WL 2307645 (E.D.N.Y. May 8, 2020), and the procedural history is summarized below. The plaintiff now seeks an award of $25,000 for attorneys' fees and costs. (ECF No. 52-5 at 7.) For the reasons stated below, the plaintiff's motion for attorneys' fees is denied.

## PROCEDURAL HISTORY

On July 24, 2018, 53rd Street, LLC, brought this action against U.S. Bank, asserting that the mortgage should be cancelled and discharged because the statute of limitations to foreclose on the mortgage had expired. (ECF No. 1.) The parties cross-moved for summary judgment on May 3, 2019. (ECF Nos. 18, 19.) The case was reassigned to me on February 12, 2020, and at my request the parties submitted additional briefing on the issue of standing. (ECF Nos. 45, 46.)

I concluded that the plaintiff was entitled to have the mortgage discharged because the defendant did not decelerate the mortgage before the statute of limitations had run. (ECF No.

47.) Accordingly, I granted the plaintiff's motion for summary judgment, denied the defendant's motion, and entered a judgment cancelling the defendant's mortgage on the property. (*Id.*; ECF No. 51.)

The defendant appealed my decision, and on June 26, 2020, moved to stay the judgment pending the appeal. (ECF No. 53, 56.) On July 1, 2020, I granted the defendant's motion to stay the judgment.

On June 8, 2020, the plaintiff filed this motion, which seeks "a total of about $25,000.00 for fees and costs for about 120 hours of work litigating the instant action." (ECF No. 52-5 at 5.) The Clerk of Court for the Court of Appeals filed a notice staying the appeal until this motion is resolved. (ECF No. 54.)

## DISCUSSION

The plaintiff brought this action to discharge the defendant's mortgage pursuant to RPAPL § 1501(4), which provides that "where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance . . . ." N.Y. Real Prop. Acts. Law § 1501(4). Although RPAPL Article 15 does not contain a fee-shifting provision, the plaintiff argues that it is entitled to recover attorneys' fees under New York State's "Access to Justice in Lending Act," codified as Real Property Law ("RPL") § 282. (ECF No. 52-5 at 5-6.) The defendant opposes the motion for attorneys' fees, arguing that RPAPL Article 15 does not allow for attorneys' fees, and that

2

RPL § 282 is a completely different statutory scheme that does not apply to cases like this one. (ECF No. 55 at 4.)[1]

To qualify for attorneys' fees under RPL § 282, a mortgagor must meet several requirements listed in the statute. *See* Real Prop. L. § 282(1). As a threshold matter, the mortgage must include a provision allowing for the mortgagee to recover attorneys' fees in an action against the mortgagor under the mortgage. *Id.*; *see also Avail Holding LLC v. Ramos*, No. 19-CV-117, 2019 WL 6498170, at *5 (E.D.N.Y. Dec. 3, 2019). If such a provision exists, an implied covenant by the mortgagee to pay the mortgagor's reasonable attorneys' fees applies in three situations: (1) when the mortgagee neglects to perform a covenant it agreed upon under the mortgage; (2) if the mortgagor successfully defends any action commenced by the mortgagee against the mortgagor arising out of the mortgage contract; or (3) if the mortgagor brings a successful counterclaim in an action commenced by the mortgagee against the mortgagor. *See* Real Prop. L. § 282(1); *DKR Mortg. Asset Tr. 1 v. Rivera*, 130 A.D.3d 774, 775 (2d Dep't 2015).

The mortgage at issue here includes a covenant allowing the mortgagee to recover attorneys' fees from a mortgagor in a foreclosure action. The mortgage specifically states: "Lender may charge me fees for services performed in connection with my default, for the purpose of protecting Lender's interest . . . including, but not limited to, attorneys' fees, property inspection and valuation fees." (ECF No. 1-1 at 14.) However, none of the statutory prerequisites for an award of attorneys' fees is present. The defendant mortgagee did not fail to perform a covenant to which it agreed under the mortgage. Nor did the plaintiff successfully defend an action commenced by the mortgagee against the mortgagor arising out of the contract.

---

[1] The defendant argues that the plaintiff is not a mortgagor or assignee of the mortgage and therefore RPL § 282 is inapplicable. (ECF No. 55 at 5-6.) I concluded that the plaintiff stepped into the assignor's shoes when it successfully bid on the property at the January 2018 foreclosure action and bought the property subject to any prior liens or mortgages. *See 53rd St., LLC.,* 2020 WL 2307645 at *7.

3

*See, e.g.*, *Citimortgage, Inc. v. Ramirez*, 59 Misc. 3d 1212(A), 101 N.Y.S.3d 699 (N.Y. Sup. Ct. 2018). Rather, the action was a quiet title claim brought by the mortgagor and arising out of the expiration of the statute of limitations to foreclose on a mortgage. *See 53rd St., LLC,* 2020 WL 2307645 at *4. Finally, the plaintiff did not succeed on a counterclaim against the defendant mortgagee in an action brought by the mortgagee. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Gordon*, 179 A.D.3d 770, 774 (2d Dep't 2020); *21st Mortg. Corp., etc. v. Nweke*, 165 A.D.3d 616, 617 (2d Dep't 2018). Accordingly, the plaintiff is not entitled to attorneys' fees under RPL § 282.

*839 Cliffside Ave. LLC v Deutsche Bank Natl. Tr. Co. for First Franklin Mtge. Loan Tr. 2006-FF3 Mtge. Pass-Through Certificates, Series 2006-FF3*, No. 15-CV-4516, 2018 WL 4608198, at *12 (E.D.N.Y. Sept. 25, 2018) does not compel a different result. In that case, the mortgagor brought a quiet title action seeking to discharge its mortgage under RPAPL Article 15, and the mortgagee responded by filing several counterclaims, including one to foreclose on the property, which the Court dismissed as time-barred. 2018 WL 4608198, at *1. The parties cross-moved for summary judgment. *Id*. The Court denied the defendant's motion in its entirety, granted the plaintiff's request to dismiss the remaining counterclaims, and declared that the plaintiff was entitled to recover attorneys' fees and costs pursuant to RPL § 282. *Id*. at *13. The Court noted that "in light of this Court's Order dated August 25, 2017 dismissing Deutsche Bank's *foreclosure counterclaim*, . . . it is without question that Plaintiff *successfully defended* an action arising from the Mortgage." *Id*. at *12 (emphasis added).

In this case, the defendant did not bring a counterclaim against the plaintiff seeking foreclosure, and therefore the plaintiff did not engage in a "successful defense" against an action brought by the mortgagee under the mortgage. The plaintiff has not cited any case in which a

4

court has allowed a mortgagor who successfully *prosecutes* an action against the mortgagee to recover attorneys' fees under RPL § 282.  Accordingly, the plaintiff is not entitled to attorneys' fees in this action.[2]

## CONCLUSION

The plaintiff's motion for attorneys' fees is denied. The parties are directed to notify the Court of Appeals that this motion has been resolved pursuant to the Order at ECF No. 54.

**SO ORDERED.**

                                                                  s/Ann M. Donnelly
                                                            ANN M. DONNELLY
                                                            United States District Judge

Dated: Brooklyn, New York
       August 27, 2020

---

[2] The plaintiff's failure to submit the correct documentation of hours and fees provides a separate basis to deny the application.  *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[A]ny attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.")  Failure to submit the contemporaneous time records with an application for attorneys' fees is grounds for denying the application.  *J & J Sports Prods., Inc. v. Guncay*, No. 18-CV-2097, 2019 WL 1876830, at *1 (E.D.N.Y. Apr. 26, 2019) (citing *Scott v. City of New York*, 626 F.3d 130, 134 (2d Cir. 2010)).