UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                :

**53RD STREET, LLC**,

                        Plaintiff,

              – against –

**U.S. BANK NATIONAL ASSOCIATION**,

                        Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

18-CV-4203 (AMD) (VMS)

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the plaintiff's motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b)(6), of the Court's December 20, 2021 decision granting the defendant's motion for summary judgment. As explained below, the motion is denied.

## BACKGROUND

      Familiarity with the underlying facts of the case is assumed. On July 24, 2018, 53rd Street, LLC sued U.S. Bank National Association, seeking cancellation and discharge of its mortgage obligation.[1] (ECF No. 1.)

      In a May 8, 2020 decision relying on then-existing New York law, including *Milone v. U.S. Bank N.A.*, 164 A.D.3d 145 (2d Dep't 2018), the Court held that the plaintiff had standing to bring its claim, that the defendant's attempt to de-celerate the loan was invalid, and that the plaintiff was entitled to have the mortgage discharged since any future foreclosure action would be time-barred. *53rd St., LLC v. U.S. Bank N.A.*, No. 18-CV-4203, 2020 WL 2307645 (E.D.N.Y. May 8, 2020), *vacated and remanded*, 8 F.4th 74 (2d Cir. 2021) ("*53rd St. I*"). The defendant

---

[1] The case was reassigned to me on February 12, 2020.

appealed to the Second Circuit. (ECF No. 53.) While the appeal was pending, the New York Court of Appeals decided *Freedom Mortgage Corp. v. Engel*, 37 N.Y.3d 1 (2021), *reargument denied*, 37 N.Y.3d 926 (2021), which rejected the reasoning of *Milone* and other Appellate Division decisions that held that a mortgagee's intent to avoid the statute of limitations could invalidate a de-acceleration notice. Accordingly, the Second Circuit vacated the May 8, 2020 decision and remanded this case "for further consideration in light of *Engel*, including whether, regardless of [the defendant's] intent in issuing the de-acceleration letters, [the defendant] clearly, unambiguously, and affirmatively communicated the de-acceleration of the loan within the limitations period." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 80 (2d Cir. 2021) ("*53rd St. II*"). On December 20, 2021, after the parties submitted supplemental briefing addressing *Engel*, the Court granted the defendant's motion for summary judgment and held that "the defendant's June 24, 2014 letter was an affirmative act to decelerate the mortgage within the limitations period." (ECF No. 69 at 4–5.) The plaintiff did not appeal that decision.

About a year later, on December 30, 2022, the New York State Legislature passed the Foreclosure Abuse Prevention Act ("FAPA") specifically to "overrule *Engel*." *E. Fork Funding, LLC v. U.S. Bank*, No. 20-cv-3404, 2023 WL 2660645 at *2 (E.D.N.Y. Mar. 23, 2023). In *Engel*, the New York Court of Appeals held that lenders could voluntarily revoke acceleration of mortgage debt and, therefore, stop accrual of the six-year statute of limitations by voluntarily discontinuing a foreclosure action within six years from the date of acceleration. *See* 169 N.E.3d at 917 ("[W]e hold that where the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the

2

contrary."). FAPA amends New York Civil Practice Law and Rules ("CPLR") § 3217 to provide that a:

> voluntary discontinuance of [any action on a mortgage], whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute.

FAPA § 8 (codified at CPLR § 3217(e)). In other words, a voluntary discontinuance does not revoke the acceleration of the mortgage debt and, therefore, does not stop accrual of the statute of limitations. FAPA clarifies that:

> Once a cause of action upon [a mortgage] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute.

FAPA § 4 (codified at CPLR § 203(h)). Section 7 of FAPA also amends CPLR § 213(4), adding, in relevant part, subsection (b):

> In any action seeking cancellation and discharge of record of an instrument described under subdivision four of section fifteen hundred one of the real property actions and proceedings law, a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.

FAPA § 7 (codified at CPLR § 213(4)(b)). Finally, Section 10 of FAPA states that the statute "shall apply to all actions commenced on [a mortgage] in which a final judgment of foreclosure and sale has not been enforced." *E. Fork Funding*, 2023 WL 2660645, at *2.

On February 7, 2022, the defendant commenced a foreclosure action in the New York Supreme Court, Kings County captioned *U.S. Bank National Association as Legal Title Trustee*

3

*for Truman 2016 SC6 Title Trust v. 53rd Street LLC, et al.*, under Index No. 503822/2022. The plaintiff filed an answer on March 4, 2023.

On March 5, 2023—around three months after FAPA was enacted and a month after the defendant commenced the foreclosure action—the plaintiff moved pursuant to Rule 60(b)(6) for reconsideration of the Court's December 20, 2021 order granting summary judgment to the defendant.[2] (ECF No. 71.) About a week later, on March 13, 2023, the plaintiff filed a motion for summary judgment in the foreclosure action, arguing that under FAPA the foreclosure action was time-barred. That motion is currently pending in New York Supreme Court.

In seeking relief under Rule 60(b)(6), the plaintiff makes the same argument it made in New York Supreme Court—that FAPA is a "supervening change in governing law" rendering the foreclosure action time-barred. Accordingly, the plaintiff argues, the Court must reconsider its December 20, 2021 decision and discharge the mortgage. (ECF No. 71-2 at 46–48.) The defendant responds that the plaintiff's motion is untimely, and that a retroactive application of FAPA is impermissible, prejudicial, and unconstitutional. (ECF No. 74.)

## LEGAL STANDARD

Rule 60(b) permits a district court to grant relief from a final judgment for any one of five specific reasons, or, as relevant here, for "any other reason that justifies relief." Rule 60(b)(6). All Rule 60(b) motions are "disfavored;" Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief or when the judgment may work an extreme and undue hardship." *Simone v. Prudential Ins. Co. of Am.*, 164 F. App'x 39, 40 (2d Cir. 2006) (summary order) (citation omitted); *see also S.E.C. v. Neto*, 27 F. Supp. 3d 434, 440 (S.D.N.Y.

---

[2] The plaintiff brings this "matter pursuant to Fed R. Civ. P. 60(b), Fed R. Civ. P. 59(e)" (ECF No. 71, Notice of Motion), but discusses only Rule 60(b)(6). Accordingly, the Court does not address Rule 59(e).

2014) ("At its core, reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'") (cleaned up).  The party seeking relief has the burden to prove extraordinary circumstances.  A change in the law, by itself, "rarely" provides grounds for 60(b)(6) relief.  *See, e.g.*, *Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . ."); *see also Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) ("As a general matter, a mere change in decisional law does not constitute an extraordinary circumstance for the purposes of Rule 60(b)(6), . . . and the interest in finality outweighs the losing party's concern that justice was not done.") (citations and alteration omitted).

To determine whether a supervening change in the law justifies Rule 60(b)(6) relief, the Court considers the following factors: (i) whether the new law is "beyond any question inconsistent" with the earlier decision; (ii) whether the moving party notified the court of a pending motion that may alter the decisional law; (iii) whether "substantial" time had elapsed between the earlier decision and the pending motion; and (iv) whether the equities strongly favor the moving party.  *Scott v. Gardner*, 344 F. Supp. 2d 421, 426 (S.D.N.Y. 2004) (quoting *Devino v. Duncan*, 215 F. Supp. 2d 414, 418 (S.D.N.Y. 2002)).  In *Sargent v. Columbia Forest Products, Inc.*, the Second Circuit identified these factors as relevant in determining the propriety of recalling its mandate when faced with an intervening change of law.  75 F.3d 86, 90–91 (2d Cir. 1996).  Although the Second Circuit has not "employed the framework in the context of a Rule 60(b)(6) motion[,]" it "recognize[s] that in some cases *Sargent*'s framework may be helpful in determining whether a change in decisional law . . . may constitute the 'extraordinary

circumstances' needed to warrant Rule 60(b)(6) relief." *Stevens v. Miller*, 676 F.3d 62, 69 n.7 (2d Cir. 2012) (citation omitted).

## DISCUSSION

### I. Retroactivity

By its terms, FAPA takes effect immediately and "shall apply to all actions commenced on an instrument described under [C.P.L.R. 213(4)] in which a final judgment of foreclosure and sale has not been enforced." 2022 Sess. Law News of N.Y. Ch. 821 § 10. While retroactive legislation is typically disfavored "in accordance with 'fundamental notions of justice' that have been recognized throughout history," *E. Enters. v. Apfel*, 524 U.S. 498, 532 (1998), "courts will defer to the legislature when it creates retroactive legislation, 'unless it reaches so far into the past or so unfairly as to constitute a deprivation of property without due process.'" *Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Morgan Stanley ABS Cap. I Inc. Tr. 2006-HE5 v. Dagrin*, 79 Misc. 3d 393, 398 (N.Y. Sup. Ct. 2023) (quoting *Varrington Corp. v. N.Y.C. Dep't of Fin.*, 85 N.Y.2d 28, 32 (1995)). Aside from the clear language of Section 10, the New York State legislature has explained that this statute "will restore longstanding law that made it clear that a lenders' discontinuance of a foreclosure action that accelerated a mortgage loan does not serve to reset the statute of limitations." Assembly Mem. in Support of 2021 NY Assembly Bill A7737. "As the section was to restore the longstanding law, the legislative intent clearly was to apply to all pending cases." *SBC Bank USA as Tr. of Ace Sec. Corp. Home Equity Loan Tr. v. IPA Asset Mgmt., LLC*, 79 Misc. 3d 821, 823 (N.Y. Sup. Ct. 2023); *see also Article 13, LLC v. Ponce de Leon Fed. Bank*, No. 20-CV-03553, 2023 WL 5179626, at *4 (E.D.N.Y. Aug. 11, 2023); *U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Miele*, No.

51023/2016, 2023 WL 4112924, at *5 (N.Y. Sup. Ct. June 21, 2023). The defendant has not yet executed a judgment; thus, this is a pending case and FAPA applies retroactively.[3]

## II. Rule 60(b)(6)

FAPA is "beyond any question inconsistent" with the Court's December 21, 2021 order. *Gardner*, 344 F. Supp. 2d at 426. In New York, the statute of limitations for foreclosure actions is six years. N.Y. C.P.L.R. § 213. Typically, the statute of limitations starts running from the due date of each unpaid installment. *Plaia v. Safonte*, 847 N.Y.S.2d 101, 102 (App. Div. 2007). However, once an installment loan is accelerated—for example, when a bank initiates a foreclosure action, *see Dagrin*, 79 Misc. 3d at 396—the entire amount comes due, and the statute of limitations begins to run on the full amount, *EMC Mortg. Corp. v. Patella*, 720 N.Y.S.2d 161, 162 (App. Div. 2001).

Before December 30, 2022, "a noteholder's voluntary motion or stipulation to discontinue a mortgage foreclosure action"—even if it did not expressly mention de-acceleration or a willingness to accept installment payments—"constitute[d] a sufficiently 'affirmative act'" to revoke the prior acceleration and toll the statute of limitations. *Engel*, 37 N.Y.3d at 29; *see also Ditech Fin., LLC v. Rector 70 LLC*, 193 A.D.3d 408, 409 (2021). As explained above, the new law was specifically adopted to undo *Engel*'s holding, providing that "the voluntary discontinuance of [a foreclosure] action . . . shall not . . . reset the limitations period . . . unless expressly prescribed by statute." A.B. 7737-B, 2021-2022 Assemb., Reg. Sess. § 8 (N.Y. 2021). In other words, a unilateral decision to de-accelerate—without more—does not "reset the clock." *E. Fork Funding LLC*, 2023 WL 2660645, at *3.

---

[3] The defendant argues that a retroactive application of FAPA is unconstitutional. Because the plaintiff's motion is dismissed on other grounds, the Court need not reach this question.

7

Nevertheless, the plaintiff faces a "high bar," *Tharpe v. Sellers*, 583 U.S. 33, 35 (2018), because reconsideration is seldom appropriate simply because of "a mere change in decisional law," *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 32 (2d Cir. 2010). *See also Agostini v. Felton*, 521 U.S. 203, 239 (1997). Reconsideration is not warranted.

The plaintiff filed its Rule 60(b) motion fifteen months after the Court entered judgment. While the motion was filed only three months after FAPA's enactment, the Court, under *Sargent*, must evaluate the temporal gap "between the *earlier decision* and the pending motion"—not only the controlling change in law. *Gardner*, 344 F. Supp. 2d at 426 (emphasis added). Some courts in this Circuit have found that Rule 60(b)(6) motions are timely even after 18 months have passed. *See Smith v. Hochul*, No. 21-CV-0035, 2023 WL 2598841, at *5 (N.D.N.Y. Mar. 22, 2023) ("Courts in the Second Circuit have recognized 18 months as a reasonable time for bringing a Rule 60(b)(6) motion, and have required parties who delayed for more than 18 months, but not less, to demonstrate good cause for the delay." (cleaned up)); *Wright v. Poole*, 81 F. Supp. 3d 280, 290 (S.D.N.Y. 2014); *Shah v. New York State Dep't of Civ. Serv.*, No. 94-CV-9193, 2014 WL 3583506, at *4 (S.D.N.Y. July 17, 2014); *Rowe Entm't v. William Morris Agency, Inc.*, No. 98-cv-8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov.8, 2012); *Maisonet v. Conway*, No. 04-CV-2860, 2011 WL 317833, at *3 (E.D.N.Y. Jan. 31, 2011). However, the Court must also weigh the "particular circumstances of [each] case . . . ." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir.1983).

Under the circumstances of this case, the timing of the plaintiff's motion is not a decisive factor. This is true because plaintiff is not left without a remedy if the Court denies reconsideration: within a week of filing its motion in this case, the plaintiff sought the same relief in the foreclosure action in New York Supreme Court, Kings County. That case involves

8

the same legal issue the parties dispute in this action—the application of FAPA.  Interpreting FAPA, a New York statute, and its effect on this foreclosure action is a quintessential issue of state law that a New York court should decide.  *Beaubrun v. Brennan*, No. 23-CV-5201, 2023 WL 7003714, at *4 (E.D.N.Y. Oct. 24, 2023); *Stewart v. Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc.*, No. 22-CV-1243, 2022 WL 5246646, at *2 (D. Conn. Oct. 6, 2022), *reconsideration denied*, 2023 WL 122132 (D. Conn. Jan. 6, 2023).  Moreover, a decision from this Court could conflict with the state court's decision on an issue of state law, which should be avoided.  *Allstate Ins. Co. v. Elzanaty*, No. 11-CV-3862, 2013 WL 2154759, at *4 (E.D.N.Y. May 16, 2013).

Reconsideration under Rule 60(b)(6) is therefore denied.

## CONCLUSION

For these reasons, the plaintiff's motion for reconsideration pursuant to Rule 60(b)(6) is denied.

**SO ORDERED.**

                                               s/Ann M. Donnelly
                                               ANN M. DONNELLY
                                               United States District Judge

Dated: Brooklyn, New York
          November 30, 2023